**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

January 11, 2012

William James Nicoll, Esq.
Jenkins, Block & Assocs., P.C.
1040 Park Avenue, Suite 206
Baltimore, MD   21201

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD   21201

  **Re: Icey Vantina Brown o/b/o HNB v. Michael J. Astrue, Commissioner of Social Security, PWG-10-393**

Dear Counsel:

  Pending before this Court, by consent, are the parties' Cross-Motions for Summary Judgment concerning the Commissioner's decision denying HNB's claim for Childhood Supplemental Security Income ("SSI"). (ECF Nos. 8,13,24). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

  Icey Vantina Brown, on behalf of her daughter, HNB ("Claimant"), applied for childhood SSI on July 20, 2007, alleging that HNB was disabled due to cystic fibrosis, pancreatic insufficiency, tracheomalacia, and gastroesophageal reflux disease (GERD). (Tr. 15, 111). Her claim was denied initially, and upon reconsideration. (Tr. 69-70). After a hearing on December 12, 2008, held before Administrative Law Judge ("ALJ"), the Honorable Barbara Powell, the ALJ evaluated HNB's claim for children's SSI benefits using the three-step sequential process set forth in 20 C.F.R. § 416.924 and issued a decision dated June 4, 2009.

The ALJ's findings at step one and two were favorable to Claimant. (Tr.15). At step three however the ALJ found that HNB did not have an impairment or combination of impairments that met, or equaled in severity, any listed impairment.(Tr. Id). Additionally, the ALJ determined that HNB did not have an impairment or combination of impairments that were functionally equivalent to any listed impairment. (Tr. 16-31). Therefore, the ALJ determined that HNB was not disabled for purposes of children's SSI benefits. (Tr. 12-32). On January 12, 2010, the Appeals Council denied Claimant's request for review, making her case ready for review. (Tr. 1-5).

The Claimant argues that the ALJ failed to recontact her treating physician and/or was required to obtain a new report from a medical expert regarding the extent of HNB's limitations due to cystic fibrosis. She argues that this failure establishes that the Commissioner's final decision was not supported by substantial evidence. *See* Plaintiff's Memorandum, pp. 5-7. For the reasons that follow, I disagree.

The ALJ found that HNB's pancreatic insufficieny, tracheomalacia, GERD and cystic fibrosis were "severe" impairments as defined in 20 C.F.R. § 416.924. However she also concluded that these impairments did not "meet, medically equal, or functionally equal" the impairments in Appendix 1, Subpart P, Regulations No. 4 at step three of the sequential evaluation. Claimant argues that pursuant to 20 C.F.R. § §416.927(f)(2)(iii)& 416.1015(e), the ALJ was required to seek additional evidence from a physician who specialized in treating cystic fibrosis. In support of this claim, she states that her own treating pediatrician's report "does not offer any opinions relevant to HNB's disability and he was not a cystic fibrosis specialist." *See* Plaintiff's Mem., p. 7.

The Claimant bears the burden of production and proof during the first four steps of the inquiry. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The ALJ has a duty to explore all relevant facts and inquire into the issues necessary for the development of a complete record. *Cook v. Heckler*, 783 F.2d 1168, 1174 (4th Cir. 1986). This duty **may** include recontacting a medical source if his report "contains a conflict or ambiguity that must be resolved, . . . does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.912(e)(1)(2007)(emphasis added). However, this duty arises only when the evidence from the treating physician

2

is inadequate to make a disability determination.  20 C.F.R. § 416.912(e).

I find that there was no such inadequacy present in this case. After careful review of the record, the undersigned fails to find that the reports submitted by HNB's treating doctors -- Drs. Langfitt, Mogayzel and Zeitlin-- were in need of clarification, or supplementation.(Tr. 243-268).  The ALJ noted that HNB's pediatric records documented her "good weight gain" and the treatments that were prescribed for coughing. (Tr. 16, 18).  On July 29, 2004, Dr. Langfitt classified HNB's weight as "good" and noted the need for lifetime treatment with Albuterol and physical therapy.(Tr. 16). Furthermore Dr. Mogayzel and Dr. Zeitlin are both physicians employed at the Johns Hopkins cystic fibrosis clinic, and their records were discussed by the ALJ.  Two non-examining reviewing state agency physicians, Dr. Koppleman and Dr. B. Conanna, prepared Childhood Disability Forms in this case.  Both doctor's reports were discussed and accorded great weight by the ALJ. (Tr. 21).  Claimant argues this was improper since their reports were submitted in 2007 and they predate HNB's 2008 hospitalization.  SSR 96-6p provides that an ALJ may afford great weight to non-examining state agency physicians' opinions.[1]  The ALJ adequately discussed the reasons for affording the State Agency physicians opinions great weight. HNB's medical records were part of the record and there is no evidence that there was difficulty in obtaining them records, or that they were incomplete[1].  After review of the

---

[1] SSR 96-6p, in relevant part, states:*3 In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists **may be entitled to greater weight than the opinions of treating or** examining sources. SSR 96-6P, 1996 WL 374180 at *2*3(S.S.A.)(emphasis added).


[1] 20 C.F.R. §416.919a(b) sets forth the standard when it **may be appropriate** for a CE to be ordered: "when the evidence as a whole, both medical and nonmedical is not sufficient to support a decision on your claim."  Additional situations when a CE may be required are identified:
>   [(1)] The additional evidence needed is not contained in the records of your medical sources;
>   (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;

record and the ALJ's decision, I find that the ALJ was not required to order an additional examination and her decision is supported by substantial evidence and the evidence in the record supports the ALJ's determination to afford considerable weight to the DDS physicians' assessments.

In sum, there is no basis to find that the ALJ failed to develop the record in violation of the Regulations. Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion. A separate Order shall issue.

                              Sincerely,

                                  /s/
                              Paul W. Grimm
                              United States Magistrate Judge

---

    (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
    (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or
    (5) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your condition is not established.
20 C.F.R. §416.919a(b).(emphasis added).